UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY L. JONES,
    Plaintiff,

v.    Case No. 08-12415
    Honorable Nancy G. Edmunds

Wayne County, *et. al.*,
    Defendants.
_____/

## **OPINION AND ORDER FOR SUMMARY DISMISSAL**

On June 6, 2008, Plaintiff Terry L. Jones filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, which was assigned to this Court. Plaintiff also filed a second civil rights complaint on the same day, which was assigned to Judge Denise Page Hood. The cases were consolidated on June 20, 2008, and assigned to this Court. However, because Plaintiff failed to file the appropriate filing fee and the required number of copies of his Complaint with the Court, subsequently, on June 26, 2008, Magistrate Judge R. Steven Whalen signed an Order directing Plaintiff to (1) pay the necessary $350.00 filing fee or to submit an application to proceed *in forma pauperis* and, (2) provide two additional copies of his Complaint, in order to effect proper service upon Defendants. In that Order, the Court requested that Plaintiff comply with its Order within thirty days. To date, Plaintiff has not complied. For the reasons stated below, the Complaint is therefore dismissed with prejudice.

I.

First, regarding Plaintiff's failure to pay the required filing fee, the Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C.

§ 1915(b)(1)(as amended).  *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "down[-]payment" of a partial filing fee and pay the remainder in installments.  *See Miller v. Campbell,* 108 F.Supp.2d 960, 962 (W.D. Tenn. 2000).  Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigence and a certified copy of the trust-fund-account statement for the six-month period immediately preceding the filing of the Complaint.  *See* 28 U.S.C. § 1915(a).  If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997).  If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution.  *Id.*

Against that backdrop, the Court will dismiss Plaintiff's Complaint for want of prosecution, because of Plaintiff's failure to comply with Magistrate Judge Whalen's deficiency Order; failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*.  *See Erby v. Kula,* 113 Fed.Appx. 74, 75-76 (6th Cir. 2004); *Davis v. United States,* 73 Fed.Appx. 804, 805 (6th Cir. 2003).

Second, regarding Plaintiff's failure to provide the Court with the necessary copies to effectuate service upon Defendants, an inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint.  *Feliciano v. DuBois,* 846 F.Supp. 1033, 1048 (D. Mass. 1994).  Where a plaintiff is proceeding *in forma*

*pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 Fed.Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996); Fed.R.Civ.P. 4(c)(2); 28 U.S.C. § 1915(d).

Here, the Court finds that Plaintiff has failed to comply with Magistrate Whalen's Order regarding this issue–Plaintiff's has failed to provide the Court with the necessary copies of his Complaint in order to effectuate service upon Defendants. The Court therefore will dismiss the Complaint for want of prosecution. *See Erby v. Kula,* 113 Fed.Appx. 74, 75-76 (6th Cir. 2004); *Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003).

II.

Accordingly, **IT IS ORDERED** that Plaintiff's Complaint **IS DISMISSED** for failure to comply with the filing requirements of the Prison Litigation Reform Act. Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F.3d at 605.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to provide the Court with the required number of copies in order to effectuate service upon Defendants.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 18, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2008, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager